IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MVP GROUP INTERNATIONAL, INC., | ) | |
| | ) | Civil No. 2:11-CV-2608 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SMITH MOUNTAIN INDUSTRIES, | ) | |
| INC. AND DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on defendant Smith Mountain Industries' motion to dismiss or, in the alternative, to transfer venue. The court held a hearing on this matter on January 23, 2012. For the reasons set forth below, the court denies defendant's motion to dismiss, but orders that this case be transferred to the United States District Court for the Western District of Virginia.

## I. BACKGROUND

Defendant Smith Mountain Industries (SMI) is an out-of-state corporation with its principal place of business in Forest, Virginia. Plaintiff MVP Group International (MVP) is a Kentucky corporation with its principal place of business in Charleston, South Carolina. MVP and SMI are direct competitors in the manufacture and sale of candles. On July 1, 2011, SMI filed suit against MVP in the Western District of Virginia, Case No. 6:11-cv-0023-NKM (the Virginia action). SMI alleged trademark infringement, trade dress infringement, unfair competition, and similar common law claims based on MVP's use of numerous marks allegedly resembling SMI's marks. See Pl.'s Opp. 3. On September 27, 2011, MVP filed suit against SMI

1

in the District of South Carolina alleging trademark infringement, false designation of origin, unfair trade competition, and common law claims regarding one of the same marks. Simultaneously, MVP moved to dismiss SMI's Virginia action for failure to state a claim. SMI subsequently filed an amended complaint in the Virginia action, and now asks this court to dismiss or transfer MVP's South Carolina action because it is duplicative of the first filed Virginia action.

## II. DISCUSSION

When duplicative lawsuits are filed in multiple forums, the Fourth Circuit adheres to the "first filed" rule, which holds that "the first suit should have priority, absent the showing of balance of convenience in favor of the second action." Ellicott Mach. Corp. v. Modern Welding Co., 502 F.2d 178, 180 n.2 (4th Cir. 1974); Volvo Constr. Equip. N. Am., Inc. v. CLM Equip., 386 F.3d 581, 594-95 (4th Cir. 2004). If the suits have the "same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." Allied-General Nuclear Servs. v. Commonwealth Edison Co., 675 F.2d 610, 611 n.1 (4th Cir. 1982). An unpublished Fourth Circuit opinion defined duplicative actions as those where "the parties, issues, and available relief do not significantly differ between the two cases." Cottle v. Bell, No. 00-6367, 2000 WL 1144623, at *1 (4th Cir. 2000); see also Nexsen Pruet, LLC v. Westport Ins. Corp., No. 10-0895, 2010 WL 3169378, at *2 (D.S.C. Aug. 5, 2010) ("Suits are parallel if substantially the same parties litigate substantially the same issues in different forums."). "A district court may dismiss, stay, or transfer a later-filed lawsuit in deference to the first filed action," St. Paul Fire & Marine Ins. Co. v. Renne Acquisitions Corp., No. 09-0467, 2010 WL 2465543, at *2 (W.D.N.C. June

14, 2010),[1] although such action is likely discretionary.  See Colo. River Water Conservation Distrib. v. United States, 424 U.S. 800, 817 (1976) (noting that there is no specific rule for federal courts regarding duplicative suits, though "the general principle is to avoid duplicative litigation").

Pursuant to 28 U.S.C. § 1404(a):  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Typically, the burden is on the movant to show that transfer to another forum is proper, however, the first filed rule shifts this burden to the party seeking adjudication in the second forum. Rite Way Crack Repair, LLC v. Guardian Crack Repair, LLC, No. 09-1207, 2009 WL 2923085, at *3-4 (D. Md. Sept. 10, 2009); Motley Rice, LLC v. Baldwin & Baldwin, LLP, 518 F. Supp. 2d 688, 697 (D.S.C. 2007).  Ultimately, for all motions to transfer, the decision is committed to the sound discretion of the district court.  S. Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956).

The parties in the South Carolina action are the same as the parties in the Virginia action, and there are no substantial differences in the relief available in the cases.  Furthermore, the factual issues in the actions are substantially similar.  Both cases contest the ownership of certain trademarks used on both MVP's and SMI's candle products.  Namely, SMI claims that it owns the "WW" mark for use in its WoodWick line, and MVP claims it owns the "WW" mark for its Wonderful Wicks

---

[1] For examples of courts' varying treatment of duplicative actions, see Motley Rice, LLC v. Baldwin & Baldwin, LLP, 518 F. Supp. 2d 688, 697 (D.S.C. 2007) (transferring the second-filed action), Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) (upholding dismissal of second-filed suit), Learning Network, Inc. v. Discovery Comms., Inc., 11 Fed. App'x 297 (4th Cir. June 7, 2001) (unpublished) (upholding permanent injunction prohibiting one of the parties from continuing in a second-filed New York law suit).

3

line.  Both parties claim the other is improperly using the "WW" mark.  Both claim that the other's use of the mark causes confusion, mistake, or deception among consumers, damaging the infringed upon party.  In both actions, the parties will present the same facts to substantiate their claim to the "WW" mark.

At the time of the hearing, MVP had yet to file its answer, and the parties indicated that they were uncertain whether all of the claims in the South Carolina action would qualify as compulsory counterclaims in the Virginia action. Nevertheless, the parties acknowledged that it was possible that the claims would constitute compulsory counterclaims and certain that they would constitute permissive counterclaims.  Duplicative litigation should be avoided "*particularly* when potentially compulsory counterclaims are involved." CompuCredit Holdings Corp. v. Akanthos Capital Mgmt., LLC, No. 10-1213, 2011 WL 124220, at *1 (D. Minn. Jan. 14, 2011); see also Nat'l Equip. Rental, Ltd. v. Fowler, 287 F.2d 43, 46 (2d Cir. 1961) (holding that a district judge exercised sound discretion in enjoining a party from proceeding in a second-filed case when compulsory counterclaims were involved).  As the Seventh Circuit explained,

> Two simultaneously pending lawsuits involving identical issues and between the same parties, the parties being transposed and each prosecuting the other independently, is certainly anything but conducive to the orderly administration of justice.  We believe it to be important that there be a single determination of a controversy between the same litigants and, therefore, a party who first brings an issue into a court of competent jurisdiction should be free from the vexation of concurrent litigation over the same subject matter, and an injunction should issue enjoining the prosecution of the second suit to prevent the economic waste involved in duplicating litigation which would have an adverse effect on the prompt and efficient administration of justice unless unusual circumstances warrant.

Martin v. Graybar Elec. Co., 266 F.2d 202, 204 (7th Cir. 1959).

4

MVP argues that the actions are not duplicative because its South Carolina complaint alleges that SMI's "WW" mark infringes on MVP's Wonderful Wicks line. SMI did not mention the Wonderful Wicks line in its original Virginia complaint, but claimed that its WW mark was infringed upon by MVP's Wick line. MVP's claim that it owns the "WW" mark, either for its Wick or Wonderful Wicks line will be a defense and/or counterclaim to SMI's claim in the Virginia action, and therefore, the existence of this "additional claim" is, without more, insufficient to demonstrate that the claims "significantly differ." Furthermore, SMI amended its complaint to include a picture of a Wonderful Wicks candle as an example of MVP's infringement.

The claims in the Virginia and South Carolina suits represent two sides of the same coin. A party's case in chief in one venue will be its defense in the other, and thus, justice demands a single determination of this controversy. Therefore, the court finds that permitting the two actions to proceed independently would impede the interests of justice. While this case is duplicative of the Virginia action, the court finds that transfer is more likely to promote wise judicial administration and will enable the Western District of Virginia court to determine the most efficient means to proceed. Since the judge in the Virginia action has already uncorked this bottle of wine, this court will let him enjoy it.

### III. CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion to dismiss, but **GRANTS** defendant's motion to transfer to the Western District of Virginia.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**February 9, 2012
Charleston, South Carolina**